UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal Nos. 17-3(1), 17-248(3), 21-50(1) (DWF/HB) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| Marco Antonio Avila, | |
| Defendant. | |

**INTRODUCTION**

This matter is before the Court on Defendant Marco Antonio Avila's motions to correct an illegal sentence under Federal Rule of Criminal Procedure 35 and for jail credit. (Doc. Nos. 493, 494; Related Case 1 ("Case 2") Doc. Nos. 278, 279; Related Case 2 ("Case 3") Doc. No. 116, 117.)[1] The Government opposes the motions. (Doc. No. 508; Case 2 Doc. No. 290; Case 3 Doc. No. 130.)[2] For the reasons set forth below, the Court dismisses both motions.

**BACKGROUND**

Avila was charged with conspiracy to distribute methamphetamine and two counts of distribution of methamphetamine on January 9, 2017, in case number 17-cr-003

---

[1]  Avila has also moved for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2). (Doc. No. 492; Case 2 Doc. No 277; Case 3 Doc. No. 115.) The Court will address that motion in a separate order.

[2]  For brevity, and because the motions in each case are identical, the Court cites only to the docket entries in case number 17-cr-003 when referring to these motions throughout the remainder of this opinion.

("Case 1"). (Doc. No. 1.) He pleaded guilty to a superseding count of conspiracy to distribute methamphetamine and cocaine on May 30, 2017. (Doc. No. 224.) While awaiting sentencing in Case 1, Avila was charged in case number 17-cr-248 ("Case 2") with conspiracy to distribute methamphetamine. (Case 2 Doc. No. 15.) On January 22, 2018, Avila pleaded guilty to that charge in Case 2. (Case 2 Doc. No. 125.) On May 21, 2018, Avila was sentenced to a 312-month term of imprisonment in both Cases 1 and 2. (Doc. No. 436; Case 2 Doc. No. 179.) The terms were to run concurrently with each other and with Avila's undischarged prison term from Pennington County, South Dakota. (Doc. No. 436; Case 2 Doc. No. 179.)

On February 25, 2021, Avila was charged with conspiracy to distribute methamphetamine in case number 21-cr-050 ("Case 3"). (Case 3 Doc. No. 1.) Avila committed this offense while serving his sentence for Cases 1 and 2. He pleaded guilty to this charge on March 25, 2022. (Case 3 Doc. No. 82.) On June 27, 2022, this Court sentenced Avila to a 349-month term of imprisonment to run concurrently with his undischarged terms of imprisonment in Cases 1 and 2. (Case 3 Doc. No. 113.) The Court did not grant Avila jail credit in any of the three cases. (*See* Doc. No. 436; Case 2 Doc. No. 179; Case 3 Doc. No. 113.) Avila is currently located at FCI Victorville Medium I with an estimated release date of June 28, 2045. *Find an Inmate.*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc (last visited Jan. 27, 2025).

Avila now moves to correct an illegal sentence under Rule 35 and for jail credit. He argues that the Bureau of Prisons (the "BOP") incorrectly calculated his total sentence

length and failed to account for either 17-19 months or 4 years, 1 month of jail credit. (Doc. No. 493 at 3; Doc. No. 494 at 1.)

## DISCUSSION

I.  **Defendant's Motion to Correct Illegal Sentence Under Rule 35**

Avila requests that the Court correct his "illegal" sentence under Rule 35. Rule 35 permits a Court to correct a defendant's sentence within 14 days after a sentencing when there is an "arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). Here, Avila was sentenced more than two years ago in Case 3 and more than six years ago in Cases 1 and 2. Thus, even if there were such an error in one of the sentencing judgments, the Court lacks the authority to consider his request under Rule 35 because well over 14 days have passed. Furthermore, Rule 35(a) only allows a district court to make corrections where there is "an obvious error or mistake." *United States v. Jett*, 782 F.3d 1050, 1051-52 (8th Cir. 2015) (quoting Fed. R. Crim. P. 35(a) advisory committee's note to 1991 amendment). Computation of jail credit does not qualify as such an error. *See, e.g.*, *United States v. Gutierrez-Cortes*, No. 20-cr-0005, 2020 WL 6083651, at *1 (D. Minn. Oct. 15, 2020). In conclusion, because the Court lacks the authority to consider Avila's motion under Rule 35, it dismisses the motion.

II. **Defendant's Motion for Jail Credit**

Next, Avila argues that the BOP failed to award him proper jail credit and asks the Court to order the BOP to comply with its previous orders. In one filing, Avila suggests that he should have been awarded 17-19 months, (Doc. No. 494 at 1), in another he suggests 4 years, 1 month, (Doc. No. 493 at 2). After a defendant is sentenced, the BOP

is responsible for administering their sentence. *See* 18 U.S.C. § 3621(a). This includes calculation of the defendant's term of imprisonment, appropriately deducting any jail credit time. 18 U.S.C. § 3585(b); *United States v. Wilson*, 503 U.S. 329, 334-35 (1992). This computation is left solely to the BOP and the Court does not play a role. *United States v. Pardue*, 363 F.3d 695, 699 (8th Cir. 2004). Thus, the Court lacks authority to consider Avila's motion for jail credit and must dismiss the motion. If Avila wishes to further challenge the BOP's jail credit computation, he must first exhaust his administrative remedies within the BOP, and then he may file a habeas petition under 28 U.S.C. § 2241 in the district in which he is currently incarcerated. 28 U.S.C. § 2242; *Deroo v. United States*, 709 F.3d 1242, 1245 (8th Cir. 2013).[3]

---

[3] With the hope of providing some clarity to Avila, the Court notes that if it had the authority to consider Avila's motions, it would deny them. First, it appears that the BOP appropriately calculated Avila's sentence. Under 18 U.S.C. § 3585(b), "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . that has not been credited against another sentence." This means that a defendant receives jail credit for time spent in detention before their sentence starts *so long as* that time was not counted toward a prior sentence. When Avila was charged in Case 3, he was serving his sentences for Cases 1 and 2. Thus, any time he was detained prior to his sentencing in Case 3 cannot count as jail credit toward his sentence in Case 3.

Second, it appears that the BOP's "33 years 2 months 6 days" figure reflects the total amount of time Avila will have spent in BOP custody from the imposition of his sentence in Cases 1 and 2 in May 2018 through the completion of his 349-month sentence in Case 3. (Doc. No. 493-1 at 9.) Avila is correct that 349 months equates to 29 years, 1 month. However, Avila served about 4 years, 1 month in BOP custody prior to his sentence start date in Case 3. The 4 years, 1 month Avila served prior to his sentencing in Case 3 plus the 29 years, 1 month sentence from Case 3 equals a total term of about 33 years, 2 months.

**ORDER**

Based upon the foregoing and the record in this case, **IT IS HEREBY ORDERED** that:

1. Defendant Marco Antonio Avila's motion to correct an illegal sentence under Federal Rule of Criminal Procedure 35 (Doc. No. [493]; Case 2 Doc. No. [278]; Case 3 Doc. No. [116]) is **DISMISSED** for lack of jurisdiction.

2. Defendant Marco Antonio Avila's motion for jail credit (Doc. No. [494]; Case 2 Doc. No. [279]; Case 3 Doc. No. [117]) is **DISMISSED** for lack of jurisdiction.

Dated: January 30, 2025              s/Donovan W. Frank
                                     DONOVAN W. FRANK
                                     United States District Judge